UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WHITNEY NICOLE SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:22 CV 744 RWS |
| ) | |
| ST. LOUIS COUNTY JUSTICE ) | |
| CENTER, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before me upon review of Plaintiff Whitney Nicole Smith's amended complaint and supplemental complaint. Having reviewed the motion to proceed in forma pauperis and the financial information submitted in support, I will grant the motion and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the pleadings, I will dismiss this action for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

### Background

Smith, a pretrial detainee, filed the instant action against the St. Louis County Justice Center on July 12, 2022. On July 13, 2022, I ordered her to amend her complaint on a Court form and either pay the $402 filing fee or file a motion to

proceed in forma pauperis. She was ordered to do so within twenty-one (21) days of the Court's order, or no later than August 3, 2022.

On August 8, 2022, after Smith failed to file an amended complaint and a motion to proceed in forma pauperis or pay the full filing fee in a timely manner, I dismissed this action pursuant to Federal Rule of Civil Procedure 41(b). However, on August 16, 2022, the Court received a filing from Smith titled "Amended Complaint." Attached to the end of the amended complaint was a form motion to proceed in forma pauperis. The declaration portion of the amended complaint stated that Smith placed the amended complaint in the mail at the Justice Center on July 18, 2022. Accordingly, pursuant to the prison mailbox rule, I vacated the dismissal in this case and reopened the present action.

As fully explained in my July 13, 2022 memorandum and order requiring Smith to amend her complaint, I determined that this action was subject to dismissal. At that time, I explained that the sole defendant named in Smith's complaint, the St. Louis County Justice Center, was not an entity subject to suit under 42 U.S.C. § 1983. Smith was provided an opportunity to clearly set forth her claims for relief when she amended her pleading. I gave her instructions on how to prepare the amended complaint to survive review under 28 U.S.C. § 1915. She has now filed an amended complaint, which I will review pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Smith submitted a motion to proceed in the district court without prepaying fees or costs. Although the form motion states that an inmate must submit a certified prison account statement, she has failed to do so. Based on the financial information Smith has submitted, I will assess an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the court with a certified copy of her prison account statement, the court should assess an amount "that is reasonable, based on whatever information the court has

3

about the prisoner's finances."). If Smith is unable to pay the initial partial filing fee, she must submit a copy of her prison account statement in support of her claim.

## Legal Standard on Initial Review

This Court is required to review a complaint filed in forma pauperis, and must dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare

4

recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

Courts must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," a court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Amended Complaint and Supplemental Complaint[1]

Smith has once again named the St. Louis County Justice Center as the sole defendant in her amended complaint. Her amended complaint is very difficult to read and some of her claims appear to be clearly baseless and delusional.[2] *See*

---

[1] Smith filed correspondence with the Court on August 17, 2022, which the Court will treat as a supplemental complaint.

[2] Prior to her incarceration at the St. Louis County Justice Center, Smith filed three (3) cases in the United States District Court for the Eastern District of Missouri that were dismissed as frivolous and/or clearly baseless. *See Smith v. Krewson*, No. 4:21-CV-420 MTS (E.D. Mo) (dismissed due

5

*Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). For example, in addition to allegations regarding conditions of confinement, Smith asserts that "the live studio" in the Justice Center "is running my commercials and infomercials in my ear and over my head."

From the claims that I have been able to ascertain, it appears that Smith is complaining that she has been kept in mental health isolation at the St. Louis County Justice Center. She alleges she is "bleeding from the womb" and at times she has been refused showers. She has not indicated that she reported the bleeding to anyone in medical at the St. Louis County Justice Center. She does indicate, however, that she has been asked to shower while still in handcuffs by an individual she refers to as Mr. Cook. Smith also claims she has been denied walks and been given "inadequate meals." She does not expound on these claims.

Smith asserts that the toilet in her cell "constantly overflows," and at times she has been subjected to "inhal[ing]" waste. She does not indicate that she reported this to anyone at the Justice Center.

She alleges that she has been "sexually harassed" and verbally mocked by a female guard, and she requests release into general population.

---

to Smith's inability to formulate her pleadings in a clear and concise manner and because they appeared to be "clearly baseless"); *Smith v. U.S. Constitution*, No. 4:21-CV-996 MTS (E.D. Mo.) (same); *Smith v. U.S. Constitution*, No. 4:21-CV-1402 MTS (E.D. Mo.) (same). One of her cases was also dismissed due to her inability to amend her complaint in a timely manner. *See Smith v. Audacy*, No. 4:21-CV-0514 DDN (E.D. Mo) (dismissed for failure to comply with a court order pursuant to Fed.R.Civ.P.41(b)).

Last, Smith states, without any accompanying information, that she was "sexually assaulted" by a person she identifies as Mr. Coleman.

She seeks monetary relief.

## Discussion

Smith names the St. Louis County Justice Center as the sole defendant in this action. However, as previously explained, this entity is not one that can be sued under 42 U.S.C. § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are not a "juridical," or suable, entities under 42 U.S.C. § 1983). As such, the entirety of the amended complaint is subject to dismissal.

Even if Smith had named additional defendants in this action, such as the persons named in the body of her amended complaint and supplemental complaint, her claims against these individuals would also be subject to dismissal.

A plaintiff can bring a § 1983 claim against a public official acting in his or her official capacity, his or her individual capacity, or both. *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). However, if a plaintiff's complaint is silent about the capacity in which the defendant is being sued, the complaint is interpreted as including only official capacity claims. *Id*. *See also Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in

the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity"); *Artis v. Francis Howell North Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998) ("If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity"); *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995) ("If a plaintiff's complaint is silent about the capacity in which she is suing the defendant, we interpret the complaint as including only official-capacity claims").

To that end, if Smith had brought claims against the individuals named in the body of her amended complaint and supplemental complaint, the claims against these individuals would have been brought against them in their official capacities only. Such claims would be interpreted as brought against the entity that employed them – St. Louis County. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). The amended complaint and supplemental complaint contain no facts that would indicate the existence of a municipal policy or custom that caused any deprivation of Smith's rights, as necessary to bring official capacity claims against the individuals mentioned in her amended complaint or supplemental complaint. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013). For the foregoing reasons, I conclude that the amended complaint and supplemental complaint are frivolous and/or fail to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff Whitney Nicole Smith's motion for leave to proceed in forma pauperis [ECF No. 8] is **GRANTED.**  *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED that** Smith shall pay an initial filing fee of $1.00 within **thirty (30) days** of the date of this Order. Smith is instructed to make her remittance payable to "Clerk, United States District Court," and to include upon it: (1) her name; (2) her prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED that** the Clerk shall **not** issue process or cause process to issue upon the complaint because the complaint fails to state a claim upon which relief can be granted.  Smith's claims are **DISMISSED without prejudice**. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS HEREBY CERTIFIED that** an appeal from this dismissal would not be taken in good faith.

An order of dismissal will accompany this memorandum and order.

                                                         _____
                                                         RODNEY W. SIPPEL
                                                         UNITED STATES DISTRICT JUDGE

Dated this 7th day of September, 2022.